**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JEFFERY B. DANIELS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **Vs.** | § | **Civil Action No. 4:15-CV-702** |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **TRANSPORTATION,** | § | **Jury Requested** |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**<u>Jurisdiction and Venue</u>**

1.    This action, brought by Plaintiff Jeffery Bernard Daniels ("Daniels"), alleges disparate treatment based on race discrimination and/or retaliation under 42 U.S.C. §1981 and Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e <u>et seq</u>. ("Title VII"), and/or disability discrimination and/or retaliation under the Americans with Disability Act of 1990, as amended and codified at 42 U.S.C. §§12101 <u>et seq</u>. ("ADA") against Defendant Texas Department of Transportation ("TXDOT").

2.    The Court has jurisdiction under the Fourteenth Amendment to the U.S. Constitution, as codified in the remedial legislation listed above and other federal statutes.

3.    No conditions precedent are required to be exhausted and/or performed prior to the filing of the 42 U.S.C. §1981 claims.

4.    All conditions precedent have been exhausted and/or performed prior to the filing of the Title VII and ADA claims: 1) Daniels raised the issues of race discrimination, retaliation, and disability discrimination with the U.S. Equal Employment

Opportunity Commission ("EEOC"), within 300 days of the date of the adverse employment actions complained of herein; a federal notice of right to sue letter was received by Daniels from the EEOC no earlier than July 22, 2015 and therefore this complaint was timely filed.  See Exhibit A, which contains copies of the charge, right to sue letter, and date-stamped envelope of the right to sue letter received by Daniels.

5.    Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343.

6.    The acts or omissions, which serve as the basis for this cause of action, occurred in Grayson County, State of Texas and in this Division of the Eastern District of Texas; therefore, venue is proper in this Court. 28 U.S.C. §1391(b) and (c).

## Parties

7.    Daniels is a citizen of the United States and the State of Texas and resides in Grayson County, Texas. Daniels may be contacted through his attorney of record in this cause.

8.    TXDOT is a state agency.  TXDOT may be served through its Executive Director, Lt. General Joe Weber, 125 E. 11th Street, Austin, TX 78701.

## Statement of the Case

9.    Daniels is an African American who worked for TXDOT out of the Sherman, Texas yard for approximately 19 years prior to his termination on July 31, 2014.

10.   Daniels and other African American employees and employees that had opposed discrimination in the work place were subjected to disparate terms and conditions of their employment to include the following disparate actions from the same TXDOT supervisors or managers: disciplinary actions, harassment, work assignments, and work crew segregation.

11. Daniels' health condition began to require more frequent doctor visits beginning toward the end of 2013 and the beginning of 2014. Daniels' supervisor, John Grissom ("Grissom"), harassed Daniels about his need for time off for medical appointments even though Daniels had sick leave hours accrued as per TXDOT policies. These actions amount to a failure to accommodate based upon the harassment Daniels received from Grissom and therefore retaliation for his rights to reasonable accommodation to address his disability.

12. Daniels had also engaged in the protected activity of complaining of discrimination in the work place on a number of occasions to Grissom and TXDOT Human Resource ("HR") representative prior to his termination.

13. Daniels was terminated by TXDOT for false or contrived reasons because of his race, his disability, or because of his having opposed discrimination in the work place.

14. Over his career at TXDOT, Daniels was subjected to multiple disparate, contrived, false, or misrepresented disciplinary actions.

15. TXDOT specifically mentioned several disciplinary actions that had been issued to Daniels over a four-year period in its termination notice to Daniels.

16. These prior disciplinary actions were either too old to have any relevance or were simply based on false or contrived allegations in an effort to paper Daniels' file to make Daniels' look as bad as possible without regard to the lack of any legitimacy of, or evidence in support of, the allegations upon which those disciplinary actions were based.

17. The same TXDOT supervisor that terminated Daniels, John Grissom, besides engaging in racially disparate, disability disparate, and retaliatory disparate actions against Daniels and others within Daniels' protected classes, had also threatened Daniels'

job with a racial epithet on multiple occasions, including on July 23, 2014 (the date of the last alleged event), saying, "Boy, I'll fire you."

18.   Shortly before the last alleged event leading to Daniels' termination, a white employee told a black engineer, Greg Tyson ("Tyson"), that their supervisor, Mark Abernathy ("Abernathy"), had told the white employee, "We got rid of one nigger" and did not want another, given that Tyson was hired to replace Elijah Palmer who is an African American who had recently retired.   Tyson reported this racist comment to TXDOT through the Area Engineer for Sherman, Aaron Bloom ("Bloom").   No action was taken to address this racist and intimidating comment.

19.   Bloom was also in Daniels' chain of command, directly over Grissom.

20.   As a result of TXDOT's racially discriminatory, disability discriminatory, or retaliatory actions against Daniels, Daniels suffered economic and non-economic damages, both statutory and equitable in nature, and attorney's fees and costs, for which he seeks recovery.

## Factual Allegations

21.   Daniels is an African American who has also engaged in protected activity opposing discrimination in the work place by complaining to Grissom and TXDOT HR.

22. Daniels' health condition began to require more frequent doctor visits beginning toward the end of 2013 and the beginning of 2014 compared to Daniels' previous use of time off for doctor visits.   Daniels' supervisor, John Grissom ("Grissom"), harassed Daniels about his need for time off for medical appointments even though Daniels had sick leave hours accrued as per TXDOT policies.   These actions amount to a failure to accommodate based upon the harassment Daniels received from

Grissom and therefore retaliation for his rights to reasonable accommodation to address his disability.

23.   In rapid succession following Daniels' increased need for doctor's appointments, TXDOT issued disciplinary actions and negative comments against Daniels in May, June, and July of 2014 based upon false or contrived allegations and assertions.   TXDOT then joined this rapid succession of falsely negative documentation with others from three and four years before to pretextually justify TXDOT's termination of Daniels.

24.   On the day of the last event, July 23, 2014, for which TXDOT allegedly terminated Daniels, Daniels had informed TXDOT management that he had another doctor's appointment that he had scheduled for after work because of the harassment that he had received from Grissom for scheduling doctor's appointments during work.   Rather than allowing Daniels to attend that doctor appointment after work, TXDOT kept Daniels at work overtime for no legitimate reason in an effort to manufacture a reason to terminate Daniels by falsely claiming that Daniels had been insubordinate.

25.   TXDOT accused Daniels of being disrespectful and disruptive to Grissom and the Assistant Supervisor, Clint Traylor ("Traylor"), by yelling over the radio that the supervisors were wasting time and that they needed to hurry up.   TXDOT also accused Daniels of continuing to be disrespectful and disruptive in person to Grissom and Traylor, by yelling that he did not have time to wait for their conversation and that he did not want to have to stay late to finish the job.

26.   Daniels denies that any of the alleged conduct occurred other than the fact that he did call on the radio and also spoke to Grissom and Traylor in person.   The

remaining allegations by TXDOT against Daniels are false or misrepresented in terms of the content and characterization of Daniels' communications.

27. Daniels asserts that at no time was he disrespectful, inappropriate, or unprofessional either on the radio or in person with Grissom, Traylor, or anyone else at TXDOT.

28. TXDOT's termination notice also mentioned the following four prior write-ups in an attempt to support the basis for its termination of Daniels:

- 09/23/2010: more than four years before the termination – Daniels was falsely accused of yelling at an unnamed employee with no mention of what or why the alleged altercation happened or what was said.  There is also no indication that the other employee received a disciplinary action even though the documentation given to Daniels indicates that both employees were allegedly shouting loudly.  Daniels asserts that he in fact did not yell at this person or anyone on that day and that he informed TXDOT that he hadn't yelled and that he had a witness to the event.  Regardless, Daniels was still issued a disciplinary action. Daniels was also cited within this write-up for other alleged misconduct including an alleged threat of bodily injury that was not justified given the fact that Daniels did not engage in any such misconduct as alleged while the white employees were acting unprofessionally, but were not written up.

- 10/10/2011: three years before the termination – Daniels was issued a disciplinary action for the false allegation of being disrespectful to the supervisor.  However, Daniels did not make the statements he was accused of.

Instead, after the supervisor had directed Daniels to turn on the vibrator on a roller he was operating, Daniels informed the supervisor that this particular machine did not have a vibrator feature on it that he could turn on (which of course is a matter of fact and therefore not debatable).  In response, the supervisor lied about what Daniels had said and wrote him up;

- 05/2014: two months before the termination –Daniels was falsely accused of saying that he did not want to work with the crew doing traffic control on May 21, 2014.  However, Daniels had merely raised the fact that members of that crew had recently made the statement that they did not want Daniels to work on that crew with them.  This was racially discriminatory since that crew had consistently been an all-white crew under Grissom, while the other crew(s) had black employees on them.  At no time did Daniels ever refuse to perform a work assignment that was given to him.

- 06/2014: one month before the termination – Daniels was issued an evaluation that alleged that he was "Not on-target" for "Teamwork" and "Follows Instructions", however, there was no detail provided to support these ratings.  Daniels, again, asserts that these two bad ratings were unjustified and unsupported by any reasonable and fair review of his work.

29. Daniels and other black employees, employees with disabilities, or employees that had opposed discrimination in the work place were subjected to harassment and disciplinary actions for false, contrived, or misrepresented reasons.

30. Daniels and other black employees, employees with disabilities, or employees that had opposed discrimination in the work place were also subjected to

harassment and disciplinary actions for conduct that white employees had also engaged in but for which the white employees had not been harassed or issued disciplinary actions even when the same supervisors were involved.

31.   Additionally, Daniels and other black employees in the Sherman, Texas yard were subjected to racial epithets including being referred to as "boy" and the use of the term "nigger" in reference to black employees.

32.   TXDOT also retaliated against Daniels by opposing Daniels' application for unemployment benefits and by obstructing Daniels' ability to put on evidence in support of his claims by instructing employees not to speak to Daniels because of the upcoming unemployment benefits hearing.

## Damages

33.   Because of statutorily impermissible and willful, if not malicious, acts of TXDOT and its representatives, Daniels has suffered loss of income, loss of benefits, loss of career opportunity, loss of career investment, and loss of advancement.   As a consequence of the unlawful and outrageous actions of TXDOT, Daniels has suffered humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.   Daniels seeks recovery, compensatory, and equitable (i.e., back pay and front pay) damages, as well as attorney's fees, and costs and pre and post judgment interest in the maximum amounts allowed by law.

## Relief Requested

Paragraphs one (1) through thirty-three (33) of this complaint are incorporated by reference and made a part of Relief One through Relief Five, inclusive.

## EQUITABLE RELIEF

### Relief One

Equitable and compensatory damages are the only means of securing adequate relief for Daniels.  Daniels suffered, is now suffering, and will continue to suffer irreparable injury from TXDOT's unlawful conduct as set forth herein until and unless enjoined by the Court, to include but not be limited to reinstatement and removing documentation of these illegal and false disciplinary actions from his file to include any reference to his termination.

### Relief Two

Daniels seeks an award of back pay (and, if reinstatement is not ordered, front pay) as well as lost retirement damages for the losses of income Daniels has suffered and will continue to suffer as a result of TXDOT's discriminatory and/or retaliatory-based termination of Daniels on July 31, 2014.

### Relief Three

Daniels is entitled to awards of pre- and post-judgment interest on any amounts awarded to him.

## LEGAL RELIEF

### Relief Four

Daniels is entitled to compensatory, expectation, and/or consequential damages due to the illegal conduct of TXDOT as alleged herein.

### Relief Five

Daniels is entitled to reasonable attorneys' fees and costs. Title VII, ADA, or 42 U.S.C §1988

## PRAYER FOR RELIEF

Daniels requests the Court to cause TXDOT to be cited to appear and answer in this Court, and that upon final hearing, the Court grant to Daniels as follows:

1. Grant Daniels all equitable damages including reinstatement, back pay, front pay, and other employment and retirement benefits;

2. Grant Daniels compensatory damages for TXDOT's acts of discrimination and/or retaliation against him;

3. Grant Daniels pre and post-judgment interest in the highest lawful amount;

4. Grant Daniels reasonable attorney's fees, together with his costs; and

5. Such other and further relief as the Court determines justice and equity so require.

Respectfully submitted,

 /s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com
(512) 474-7563
(512) 852-4788 facsimile
ATTORNEY FOR PLAINTIFF

# EXHIBIT A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jeffery B. Daniel<br>P O Box 295<br>Whitewright, TX 75491 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2015-02489 | Lillie R. Wilson,<br>Enforcement Supervisor | (214) 253-2810 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Janet V. Elizondo,
District Director

7/17/15
(Date Mailed)

Enclosures(s)

cc:   Cristina Vudhiwat
      Assistant Attorney General – Office of the AG
      Transportation Division
      P.O. Box 12548
      Austin, Texas 78711

      Robert S. Notzon
      LAW OFFICE OF ROBERT S NOTZON
      1502 West Avenue
      Austin, TX 78701

N TEXAS
DALLAS 750
20 JUL '15
PM 7 L

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DALLAS DISTRICT OFFICE
207 SOUTH HOUSTON STREET
DALLAS, TEXAS 75202-4726
Official Use

Robert S. Notzon
LAW OFFICE OF ROBERT S NOTZON
1502 West Avenue
Austin, TX 78701

78701 1S5199

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA  X  EEOC | 450-2015-02489 |
| | | and EEOC |

| State or local Agency, if any |

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| MR. JEFFERY B. DANIELS | | 03/19/1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| P. O. BOX 295 | WHITEWRIGHT, TEXAS 75491 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TEXAS DEPARTMENT OF TRANSPORTATION | MORE THAN 500 | 903-893-8831 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3905 SOUTH HIGHWAY 75 | SHERMAN, TEXAS 75090 | (GRAYSON COUNTY) |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| X RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN | Earliest: 09/23/2010   Latest: 07/31/2014  09 29 14 |
| X RETALIATION  __ AGE  X DISABILITY  __ OTHER (Specify below.) | __ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I was terminated on July 31, 2014 based upon false allegations of misconduct. I was also denied unemployment benefits by being denied witness testimony and by TXDOT representatives lying under oath during the hearing.

I believe I was a victim of racial and/or disability discrimination and/or retaliated against in violation of Title VII of the Civil Rights Act and/or Americans with Disability Act.

**RECEIVED**

MAY 1 5 2015

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION DALLAS DISTRICT |

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| | SIGNATURE OF COMPLAINANT |
| | |
| May 15, 2015 _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date          Charging Party Signature | (month, day, year) |