IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY B. DANIELS, <br> *Plaintiff,* <br><br> V. <br><br> TEXAS DEPARTMENT OF <br> TRANSPORTATION, <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br> CIVIL ACTION NO. 4:15-CV-702 <br><br> Jury Requested |

# **DEFENDANT'S PROPOSED JURY CHARGE, DEFINITIONS, INSTRUCTIONS, AND JURY QUESTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Texas Department of Transportation ("TxDOT") and requests the Court to submit to the jury the definitions, instructions, and charge attached hereto and made a part of this Request.

Respectfully submitted,

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

JEFFREY C. MATEER
FIRST ASSISTANT ATTORNEY GENERAL

BRANTLEY STARR
DEPUTY FIRST ASSISTANT ATTONEY
GENERAL

JAMES E. DAVIS
DEPUTY ATTORNEY GENERAL FOR
CIVIL LITIGATION

RANDALL K. HILL
ASSISTANT ATTORNEY GENERAL
CHIEF, TRANSPORTATION DIVISION

/s/ Anthony G. Brocato, Jr.
ANTHONY G. BROCATO, JR.
Assistant Attorney General
State Bar No. 03039001
anthony.brocato@oag.texas.gov
Transportation Division
P. O. Box 12548
Austin, Texas   78711-2548
Phone: (512) 463-2004
Facsimile: (512) 472-3855

ATTORNEYS FOR DEFENDANT, TEXAS
DEPARTMENT OF TRANSPORTATION

## **CERTIFICATE OF SERVICE**

This is to certify that on this 29th day of December, 2016, a copy of the foregoing, *Defendant's Proposed Jury Charge, Definitions, Instructions, and Jury Questions* was served on counsel of record through the Court's Electronic Filing System and that a copy was sent on this same day via e-mail to the following:

Mr. Robert Notzon                                       *Via E-Service*
1502 West Avenue                                      *Via E-mail*
Austin, Texas 78701
Robert@notzonlaw.com
*ATTORNEY FOR PLAINTIFF,*
*JEFFREY DANIELS*

                                            /s/ Anthony G. Brocato, Jr.
                                           ANTHONY G. BROCATO, JR.
                                           Assistant Attorney General

# PROPOSED JURY INSTRUCTION NO. 1

## JURY CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have an opinion about the fact of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based

entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

The above and foregoing instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil § 3.1 (2014)]

# PROPOSED JURY INSRUCTION NO. 2

## BURDEN OF PROOF

Plaintiff Jeffrey Daniels has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove that something is more likely so than not so. If you find that Plaintiff Jeffrey Daniels has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The above and foregoing instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil § 3.2 (2014)]

## PROPOSED JURY INSTRUCTION NO. 3

### NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and in court seeking damages creates no Inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

The above and foregoing instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil § 3.6 (2014)]

**PROPOSED JURY INSTRUCTION NO. 4**

**PLAINTIFF'S CLAIM OF RACE DISCRIMINATION**

Plaintiff Jeffrey Daniels claims that he would not have been fired but for his race. The employer, Defendant Texas Department of Transportation ("TxDOT"), denies Plaintiff Daniels' claims and contends that Plaintiff was fired because he was yelling and being disrespectful toward his supervisors and because Plaintiff had a disciplinary history that reflected Plaintiff's past misconduct.

It is unlawful for an employer to discriminate against an employee because of the employee's race. An employer may, however, fire an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff, Jeffrey Daniels must prove by a preponderance of the evidence that:

1. Defendant TxDOT fired Plaintiff Jeffrey Daniels; and

2. Defendant TxDOT would not have fired Plaintiff Jeffrey Daniels in the absence of - - in other words, but for - - his race.

Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant TxDOT fired him. But Plaintiff, Jeffrey Daniels must prove that Defendant TxDOT's decision to fire him would not have occurred in the absence of such discrimination.

If you find that the reason Defendant TxDOT has given for firing Plaintiff is unworthy of belief, you may, but are not required to, infer that Defendant TxDOT was motivated by Plaintiff's race.

To establish discrimination by using indirect evidence in this case, Plaintiff Jeffrey Daniels must prove by a preponderance of the evidence that one or more similarly situated non-African

American employees was disciplined for misconduct and were treated more favorably than Plaintiff in circumstances nearly identical to Plaintiff's discipline when he was fired from TxDOT. You are instructed that "nearly identical" means that the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. Each employee's track record at the Defendant TxDOT need not comprise the identical number of identical infractions, albeit these records must be comparable.

The above and foregoing instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions Civil Cases (2014) § 11.1, as modified; *Perez v. Texas Department of Criminal Justice, Institutional Div.,* 395 F.3d 206, 212-14 (5th Cir. 2004); *Lee v. Kansas City Southern Railway Co.,* 574 F.3d 253, 259-61 (5th Cir. 2009)]

## **PROPOSED JURY QUESTION NO. 1**

Has Plaintiff Jeff Daniels proved that he would not have been fired in the absence of - - in other words, but for - - his race?

Answer "Yes" or "No"

The above and foregoing instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions Civil Cases § 11.1 (2014)]

## PROPOSED JURY INSTRUCTION NO. 5

## PLAINTIFF'S CLAIM OF RETALIATION

Plaintiff Jeffrey Daniels claims that he was retaliated against by Defendant TxDOT for opposing an employment practice that reasonably could have been viewed as violating Title VII. Plaintiff claims that he reported racial remarks of his co-employees to TxDOT's Human Resources official. Plaintiff claims that Defendant TxDOT retaliated against him by firing him for reporting racial remarks of his co-employees to TxDOT's Human Resources official.

Defendant TxDOT denies Plaintiff Jeff Daniels's claims and contends that Plaintiff was fired because he was yelling and being disrespectful toward his supervisors and because Plaintiff had a disciplinary history that reflected Plaintiff's past misconduct.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.

To prove unlawful retaliation, Plaintiff Jeffrey Daniels must prove by a preponderance of the evidence that:

1. Plaintiff opposed an employment practice that reasonably could be viewed as violating Title VII;

2. Defendant fired Plaintiff Jeff Daniels from his job; and

3. Defendant TxDOT's decision to fire Plaintiff Jeff Daniels was on account of his opposition to an employment practice that reasonably could be viewed as violating Title VII.

You need not find that the only reason for Defendant TxDOT's decision was Plaintiff's opposition to an employment practice that reasonably could be viewed as violating Title VII. But you must find that Defendant TxDOT's decision to fire Plaintiff Jeff Daniels from his job would not have occurred in the absence of—but for—his opposition to an employment practice that reasonably could be viewed as violating Title VII.

If you disbelieve the reason Defendant TxDOT has given for its decision, you may, but are not required to, infer that Defendant TxDOT would not have decided to fire Plaintiff Jeff Daniels from his job but for his opposition to an employment practice that reasonably could be viewed as violating Title VII.

The above and foregoing jury instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil Cases § 11.5 (2014), as modified]

## **PROPOSED JURY QUESTION NO. 2**

Do you find that Plaintiff Jeff Daniels would not have been fired from his job but for his opposition to an employment practice that reasonably could be viewed as violating Title VII?

Answer "Yes" or "No."

The above and foregoing jury question, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil § 11.5 (2014), as modified]

**PROPOSED JURY INSTRUCTION NO. 6**

**DAMAGES**

If you found that Defendant TxDOT violated Title VII, then you must determine whether it has caused Plaintiff Jeffrey Daniels damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Jeffrey Daniels has proved liability.

Plaintiff Jeffrey Daniels must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Jeffrey Daniels need not prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Jeffrey Daniels would have earned in his employment with Defendant TxDOT if he had not been fired from the date he was fired to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Jeffrey Daniels received from employment during that time; (2) the amount of other damages sustained by Plaintiff Jeffrey Daniels such as inconvenience, mental anguish and loss of enjoyment of life.

Back pay includes the amounts the evidence shows Plaintiff Jeffrey Daniels would have earned had he remained an employee of Defendant TxDOT. These amounts include wages or salary and such benefits as vacation and sick leave. You must subtract the amounts of earnings and benefits Defendant TxDOT proves by a preponderance of the evidence Plaintiff Jeff Daniels received during the period.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Jeffrey Daniels for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

The above and foregoing jury instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil § 11.14 (2014), as modified]

## PROPOSED JURY INSTRUCTION NO. 7

## EMOTIONAL DISTRESS DAMAGES

To recover compensatory damages for mental and emotional distress, Plaintiff Jeffrey Daniels must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or witnesses, but Plaintiff Jeffrey Daniels must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental and emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

The above and foregoing jury instruction, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil § 10.12 (2014), as modified]

**PROPOSED JURY QUESTION NO. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jeffrey Daniels for the damages, if any, you have found Defendant TxDOT caused Plaintiff Jeffrey Daniels?

Answer in dollars and cents for the following items and none other:

1. Past inconvenience, mental anguish, and loss of enjoyment of life.

2. Wages and benefits from July 31, 2014 to the date of the jury's answers, less wages and benefits earned by Plaintiff Jeffrey Daniels during that time.

The above and foregoing jury question, being duly and timely submitted, is hereby:

Accepted: _____

Refused: _____

Accepted as Modified: _____

_____
UNITED STATES MAGISTRATE JUDGE

[SOURCE: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions-Civil § 11.14 (2014), as modified]