**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JEFFERY B. DANIELS,<br>  *Plaintiff,* | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 4:15-CV-702-CAN |
| TEXAS DEPARTMENT OF<br>TRANSPORTATION, and EXECUTIVE<br>DIRECTOR JAMES M. BASS, in his<br>Official Capacity,<br>  *Defendants* | §<br>§<br>§<br>§<br>§<br>§ | Jury Requested |

## DANIELS' PROPOSED JURY INSTRUCTIONS, QUESTIONS, AND VERDICT FORM

COMES NOW, JEFFERY B. DANIELS, Plaintiff, in the above-styled and numbered cause of action, and pursuant to the Court's order, hereby submits the following proposed jury instructions, questions, and verdict form1:

### PRELIMINARY INSTRUCTIONS

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you

---

1 All portions of this proposed jury instructions, questions, and verdict form are sourced in the latest version (2014) of the 5th Circuit Pattern Jury Instructions with the appropriate sections selected or filled in where suggested by the document.

are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends,

coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

     Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

     Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, Mr. Daniels will present his case through witness testimony and documentary or other evidence. Next, Texas Department of Transportation and Exec. Director Ed Bass, in his official capacity ("TxDOT") will have an opportunity to present their case. Mr. Daniels may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.**

**It is now time for the opening statements.**

**Jury Charge**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may

not be influenced by passion, prejudice, or sympathy you might have for Mr. Daniels or TxDOT in arriving at your verdict.

Mr. Daniels has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Mr. Daniels has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Exhibit [**specify**] is an illustration. It is a party's description used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit,

rely on your recollection.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

In this case, the decision to terminate Mr. Penn-White was made by Mr. Paul Montgomery. Mr. Daniels may show that, even if there is no evidence of discriminatory bias on the part of Mr. Montgomery, there is evidence that Mr. Montgomery took into account biased negative information provided by Mr. Daniels' supervisor, Mr. Grissom, of the HR Representative, Ms. Hostetler, in deciding to terminate Mr. Daniels. Mr. Daniels is not required to prove that TxDOT or Mr. Montgomery knew or should have known of Mr. Grissom's or Ms. Hostetler's discriminatory or retaliatory bias. Mr. Daniels must prove that Mr. Grissom or Ms. Hostetler, performed an act because of discrimination or retaliation against Mr. Daniels, and that act was a proximate cause of Mr. Montgomery's decision to terminate Mr. Daniels.

To succeed on this claim, Mr. Daniels must prove each of the following by a preponderance of the evidence:

1. Mr. Grissom or Ms. Hostetler would not have recommended Mr. Daniels termination based upon false allegations of misconduct, misapplied the progressive discipline policy, and refused to conduct an investigation prior to the decision to terminate but for—in the absence of—Mr. Daniels' race or complaints of discrimination;

2. Mr. Grissom or Ms. Hostetler intended that their actions of recommending Mr. Daniels termination based upon false allegations of misconduct, misapplying the progressive discipline policy, and refusing to conduct an investigation prior to the decision to terminate would cause Mr. Daniels to be terminated; and

3. Mr. Montgomery would not have decided to terminate Mr. Daniels but for—in the absence of— Mr. Grissom's or Ms. Hostetler's actions of recommending Mr. Daniels termination based upon false allegations of misconduct, misapplying the progressive discipline policy, and refusing to conduct an investigation prior to the decision to terminate.

**Race Discrimination Claim:**

Mr. Daniels claims that he would not have been subjected to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination but for his race.

TxDOT denies Mr. Daniels's claims, and contends that it did not consider race when it took disciplinary action against Mr. Daniels.

It is unlawful for an employer to discriminate against an employee because of the employee's race. An employer may, subject an employee to different terms and conditions of employment for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Mr. Daniels must prove by a preponderance of the evidence that:

1. TxDOT subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination, and

2.      TxDOT would not have subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination in the absence of—in other words, but for—his race.

Mr. Daniels does not have to prove that unlawful discrimination was the only reason TxDOT subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination. But Mr. Daniels must prove that TxDOT's decision to subject Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination would not have occurred in the absence of such discrimination.

**Disability Discrimination Claim:**

Mr. Daniels claims that TxDOT discriminated against him because he had a disability or was regarded as having a disability by subjecting Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination.

TxDOT denies Mr. Daniels's claims, and contends that it did not consider Mr. Daniels' disabled condition when it took disciplinary action against Mr. Daniels.

It is unlawful for an employer to discriminate against an employee because of the employee's disability.   Unlawful discrimination can include subjecting an employee to different terms and conditions of employment such as, false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination of a qualified individual with a disability or an employee considered to be disabled by the employer.

To succeed in proving a claim of unlawful disability discrimination, Mr. Daniels must prove each of the following by a preponderance of the evidence:

1. Mr. Daniels had blockages in the arteries of his legs;

2. Such blockages of Mr. Daniels' arteries in his legs substantially limited his ability to walk long distances, bend, lift, climb, or engage in sustained exertion;

3. TxDOT knew Mr. Daniels had blockages in the arteries of his legs;

4. TxDOT subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination;

5. Mr. Daniels was a qualified individual who could have performed the essential functions of his position of a Maintenance Tech when TxDOT subjected him to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination; and

6. TxDOT subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination because of the blockages in the arteries of his legs. Mr. Daniels does not have to prove that the blockages in the arteries of his legs were the only reason TxDOT subjected him to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination.

If Mr. Daniels has failed to prove any of these elements, then your verdict must be for TxDOT.

**Retaliation Claim:**

Mr. Daniels claims that because he filed a charge and lawsuit against TxDOT

complaining of race discrimination following his being treated differently in the application processes in 2013 or 2014 than it treated non-black applicants, Mr. Daniels and his son were subjected to harassment in retaliation for his protected activity against TxDOT, resulting in further negative impact on his enjoyment of life, humiliation and reputation.

TxDOT denies Mr. Daniels's claims, and contends that it did not harass either Mr. Daniels or his son and that its actions with respect to Mr. Daniels and his son were justified by TxDOT's normal policies and procedures.

It is unlawful for an organization to retaliate against a person for engaging in activity protected by law. To prove unlawful retaliation, Mr. Daniels must prove by a preponderance of the evidence that:

1. Mr. Daniels engaged in filing a charge or lawsuit complaining of race discrimination and retaliation;

2. TxDOT harassed Mr. Daniels or his son; and

3. TxDOT's decision to harass Mr. Daniels or his son was on account of his protected activity.

You need not find that the only reason for TxDOT's actions were Mr. Daniels's filing a charge and lawsuit complaining of race discrimination. But you must find that TxDOT's decision to harass Mr. Daniels or his son would not have occurred in the absence of—but for—his filing a charge or lawsuit complaining of race discrimination and retaliation.

If you disbelieve the reason TxDOT has given for its decision, you may, but are not required to, infer that TxDOT would not have decided to harass Mr. Daniels or his son but for him engaging in the protected activity.

**Damages**

If you found that TxDOT violated the law, either Race Discrimination or Retaliation, then you must determine whether the violation has caused Mr. Daniels damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Mr. Daniels has proved liability.

Mr. Daniels must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Mr. Daniels need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Mr. Daniels would have earned in his employment with TxDOT if he had not been denied an equal opportunity to apply and compete for, as well as be hired as, the Chief Professional Officer ("CPO") for TxDOT in 2013 or 2014 from the date of hire for either position to the date of your verdict, minus the amount of earnings and benefits that Mr. Daniels received from employment during that time; (2) the amount of other damages sustained by Mr. Daniels humiliation, loss of career opportunity, inconvenience, mental anguish, and loss of enjoyment of life.

Back pay includes the amounts the evidence shows Mr. Daniels would have earned had he not been demoted. These amounts include wages or salary and such benefits as life and health insurance, and contributions to retirement. You must subtract the amounts of earnings and benefits TxDOT proves by a preponderance of the evidence Mr. Daniels received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Mr. Daniels for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror

should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

_____

**JURY QUESTIONS**

**Question No. 1**

Has Mr. Daniels proved that Mr. Grissom or Ms. Hostetler would not have subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and recommendation for termination but for Mr. Daniels' race, disability, or having complained of race discrimination?

Answer "Yes" or "No."

_____

If you answered Question No. 1 "Yes," then answer Question No. 2.

**Question No. 2**

Has Mr. Daniels proved that Mr. Grissom or Ms. Hostetler acted with the intent that Mr. Daniels would be terminated based upon false allegations as a result of Mr. Grissom's or Ms. Hostetler's having subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and recommendation for termination?

Answer "Yes" or "No."

_____

If you answered Question No. 2 "Yes," then answer Question No. 3.

**Question No. 3**

Has Mr. Daniels proved that Mr. Montgomery would not have decided to

terminate Mr. Daniels in the absence of Mr. Grissom's or Ms. Hostetler's having subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and recommendation for termination?

Answer "Yes" or "No."

_____

**Question No. 4**

Has Mr. Daniels proved that he would not have been subjected to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination in the absence of—in other words, but for—his race?

Answer "Yes" or "No."

_____

**Question No. 5**

Has Mr. Daniels proved that TxDOT subjected Mr. Daniels to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination because of the blockages in the arteries of his legs?

Answer "Yes" or "No."

_____

**Question No. 6**

Do you find that Mr. Daniels would not have been subjected to false allegations of misconduct, disparate discipline, misapplied progressive discipline policy, harassment, denial of investigations, and termination but for Mr. Daniels having complained of race

discrimination?

    Answer "Yes" or "No."

    _____

    If you answered "Yes" to Question No. 3, Question No. 4, Question No. 5, or Question No. 6, then answer Question No. 7.   If you answered "No" to all of those four questions, then do not answer Questions No. 7.

**Question No. 7**

What sum of money, if paid now in cash, would fairly and reasonably compensate Mr. Daniels for the damages, if any, you have found TxDOT caused Mr. Daniels?

Answer in dollars and cents for the following items and none other:

1. Past humiliation, loss of career opportunity, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

2. Future humiliation, loss of career opportunity, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

3. Wages and benefits from date of hire of the CPO in 2013 or 2014 to January 10, 2017.

    $_____

SO SAY WE ALL.
DATED:

_____
Foreperson

       Respectfully submitted,

        /s/ Robert Notzon
       Robert Notzon
       The Law Office of Robert Notzon
       Texas Bar No. 00797934
       1502 West Avenue
       Austin, Texas 78701
       (512) 474-7563
       (512) 852-4788 facsimile

       ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing instrument has been served on December 30, 2016 in accordance with the Federal Rules of Civil Procedure on the following parties via the method indicated:

 Anthony Brocato, Jr.              via email delivery
 Assistant Attorney General
 Transportation Division
 P. O. Box 12548
 Austin, Texas 78711-2548
 Facsimile: (512) 472-3855
 anthony.brocato@oag.texas.gov

        /s/ Robert Notzon
       Robert Notzon