IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY B. DANIELS,<br> *Plaintiff,* | § § § | |
| V. | § § | CIVIL ACTION NO. 4:15-CV-702 |
| TEXAS DEPARTMENT OF<br>TRANSPORTATION,<br> *Defendant* | § § § | Jury Requested |

## **DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

**I.**

Members of the Jury Panel: This case is brought by Jeffrey Daniels. He is known as the Plaintiff because he filed this lawsuit. He was employed as a General Transportation Technician III in the Maintenance Section of the Sherman Office of the Texas Department of Transportation or TxDOT. A little over a year ago he filed a lawsuit against TxDOT in federal court here in Sherman. He is suing The Texas Department of Transportation (also referred to as TxDOT or Defendant), claiming he was fired from his job because of race discrimination and retaliation.

The Plaintiff is represented by Robert Notzon of the Notzon Law Office in Austin. Do any of the members of the jury panel know Jeffrey Daniels or his lawyer, Robert Notzon? Plaintiff's witnesses for the trial are (list here). Do any of the jury panel know any of Plaintiff's witnesses?

Defendant, Texas Department of Transportation or TxDOT is an agency of the State of Texas and is represented by myself, I am Anthony G. Brocato, Jr., and with me is John Seth Johnson of the Office of the Attorney General of Texas in Austin. Do any of the jury panel know anyone employed by TxDOT? Do any of the jury panel know us or anyone employed with the Office of the Attorney General? TxDOT's representative who will be with us at the table throughout the trial is Catherine Hostetler, who is the Human Resources Specialist for the district that includes the Sherman office. Do any of the jury

panel know Ms. Hostetler?

During the trial of this case, both the Plaintiff and the Defendant will call witnesses to support their positions.

The attorneys will ask certain questions of the jury panel to make certain that those persons selected to serve on the jury can render a just, fair and impartial verdict based on the evidence.

In some of the questions which will be asked, you will be asked about your "family members" or "members of your family." When these phrases are used, they generally refer to members of your immediate family -- that is, your spouse, your parents, your children, your brothers or sisters and any significant others.

## II.

Everyone on the panel cannot serve on a jury, but we are trying to pick the best jurors for this particular case. Everyone has some leanings and bias and we will ask questions of you to see if you can be fair and objective about particular issues in this case. How do you view this suit? Do you have biases that may cause you not to be able to listen to the evidence and make a decision on it? That's what we're going to try to find out during this stage of the trial.

## III. Brief Statement of the Case

Plaintiff Jeffrey Daniels asserts that but for his race or opposition to race discrimination under Title VII, Daniels would not have been terminated from his job as a General Transportation Technician III at TxDOT.

Defendant TxDOT denies Daniels' claims. TxDOT contends Daniels' job termination occurred not because of Daniel's race or retaliation for opposition to discrimination. Rather, Defendant contends that Daniels was fired both because Daniels was yelling and being disrespectful toward his two supervisors on July 23, 2014, and because under TxDOT's progressive discipline process, Daniels

had a record of two formal disciplinary actions and other instances of misconduct.

## IV. The Questions

1. Many people can be fair, but we are seeking the most objective, impartial jury possible. We want to get people who don't have preconceived notions and who will not decide the case ahead of time before hearing the evidence, that is, witnesses for both Plaintiff and Defendant.

2. For any member of the jury panel who indicated they knew any of the parties involved in this case, could you describe the relationship. Will this relationship affect your ability to render an impartial verdict in this case.

3. For any member of the jury panel who indicated they knew any of the witnesses in this case, could you describe the relationship? Will this relationship affect your ability to render a fair and impartial verdict in this case?

4. Have you, any family members or friends, ever been a victim of racial discrimination? If so, please describe. Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

5. Do you think that there's a lot of discrimination, a medium amount of discrimination, or a small amount of discrimination in this country?

6. Do any of you feel that it is unfair that the Plaintiff, Mr. Daniels, has the burden of proof - -that is the burden of proving his claims --in this case?

7. Have you or someone you know ever suffered from a harassing work environment? What action, if any, did you or your family member take? What was the outcome? Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

8. Have you or any of your family members ever been treated by an employer in ways that you or they felt were unfair or unwarranted? What were the circumstances? Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

9. Have you ever felt that you were being retaliated against for complaining to your boss or complaining about your work place? What were the circumstances? Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

10. Have you or someone you know ever filed a grievance against your employer? If so, what were the circumstances and what was the outcome? Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

11. Is there anyone on the jury panel who has had any dealings with the Texas Department of Transportation? How about a family member? Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

12. Is there anyone on the jury panel who has had any dealings with the Office of the Attorney General? How about a family member? Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

13. Is there any member of the jury panel who has been, or who has a family member who has been, involved in a discrimination case? Would this in any way affect your ability to listen to the evidence impartially and render a fair verdict?

14. Do you or any of your family members have or had any ill will towards your present or past employers for any actions they may have taken with regard to you or your family members? What were the circumstances? Would this is any way affect your ability to listen to the evidence impartially and render a fair verdict?

15. If you were on a jury that reached a verdict– what was the nature of the case? Was it an employment case? Did you find in favor of the Plaintiff or Defendant?

16. Given the nature of this case, is there anything in your background and experience that would make it difficult for you to be fair and impartial? If yes, do you mind approaching the bench to discuss?

    Respectfully submitted,

    KEN PAXTON
    ATTORNEY GENERAL OF TEXAS

    JEFFREY C. MATEER
    FIRST ASSISTANT ATTORNEY GENERAL

    BRANTLEY STARR
    DEPUTY FIRST ASSISTANT ATTONEY GENERAL

    JAMES E. DAVIS
    DEPUTY ATTORNEY GENERAL FOR
    CIVIL LITIGATION

    RANDALL K. HILL
    ASSISTANT ATTORNEY GENERAL
    CHIEF, TRANSPORTATION DIVISION

    /s/ Anthony G. Brocato, Jr.
    ANTHONY G. BROCATO, JR.
    Assistant Attorney General
    State Bar No. 03039001
    anthony.brocato@oag.texas.gov
    Transportation Division
    P. O. Box 12548
    Austin, Texas   78711-2548
    Phone: (512) 463-2004
    Facsimile: (512) 472-3855

    ATTORNEYS FOR DEFENDANT,
    TEXAS DEPARTMENT OF TRANSPORTATION

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of December, 2016, a copy of the foregoing, *Defendant's Proposed Voir Dire Questions* was served on counsel of record through the Court's Electronic Filing System and that a copy was sent on this same day via e-mail to the following:

Mr. Robert Notzon            ***Via E-Service***
1502 West Avenue         ***Via E-mail***
Austin, Texas 78701
Robert@notzonlaw.com
*Attorney for Plaintiff*

      /s/ Anthony G. Brocato, Jr.
      ANTHONY G. BROCATO, JR.
      Assistant Attorney General